In re Raymond T. MURPHY Patricia W. Murphy, Debtors.

Raymond T. MURPHY Patricia W. Murphy, Plaintiffs,

v.

WADASH PARTNERSHIP, Internal Revenue Service, Defendants.

Bankruptcy No. 83–A–0675.

Adv. No. 83–0743A.

United States Bankruptcy Court, D. Maryland.

Oct. 28, 1983.

Philip McNutt, Bethesda, Md., for debtors/plaintiffs.

Samuel Friedman, J. Cookman Boyd, Jr., Baltimore, Md., for Wadash Partnership.

## MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

On August 15, 1983, plaintiffs Raymond T. Murphy and Patricia W. Murphy, debtors-in-possession, filed a Complaint to Sell Real Estate Free and Clear of Liens. They seek approval of a contract of sale dated the "___ day of September, 1981" between them and John M. Rast and Alice M. Rast, his wife. The contract provides that time shall be of the essence of the agreement, and the contract provides that settlement shall take place on or before December 5, 1981. Contemporaneously with the complaint, a Motion to Shorten Time for Filing Answer was filed. This motion was denied by the court.

Plaintiffs assert that the only parties with liens upon the subject property are the Internal Revenue Service and the Wadash Partnership, the holder of a purchase-money mortgage. The Internal Revenue Service has consented to the relief sought. Plaintiffs seek to sell the parcel for $25,000.00 (subject to a 10% commission) and use the proceeds to build a common use road and also to pay administrative expenses of the Chapter 11 estate. Plaintiffs' witness affirms that the entire parcel of 230 acres has a gross value for development purposes of $3,010,000.00. Plaintiffs urge that the initial sale is the keystone for this entire venture.

11 U.S.C. § 363(b) provides:

§ 363. *Use, sale, or lease of property*

(b) The trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate.

Under 11 U.S.C. § 1107(a) the debtor-in-possession has the powers of a trustee. Nevertheless, there are a number of obstacles standing in the way of plaintiffs.

First, 11 U.S.C. § 363(f) governs the sale of encumbered property. That section provides:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of such interest;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

The Wadash Partnership does not consent to the sale. There is no other provision of the subsection that permits the relief sought, in the absence of the consent of the secured party. At first glance, *Matter of Mickler,* 9 B.R. 121 (Bkrtcy.M.D.Fla.1981) might give some comfort to plaintiffs in their quest. As Judge Paskay points out:

"Whenever non-cash collateral is liquidated, the resulting proceeds are cash collateral so long as the proceeds continue to remain subject to the original lien."

In *Mickler* the debtor filed an application to sell property free and clear of liens. There was a surplus of the funds received that the debtor was permitted to use. However, the distinguishing aspect of the *Mickler* case is that the lienors agreed to the sale. That is obviously not the case here. Had Wadash Partnership consented to the sale, the issue would be entirely different.

■ The debtors-in-possession seek to sell a lot in an unrecorded subdivision. While they urge that they have preliminary approval of the subdivision plan from the Carroll County Planning and Zoning Commission, this preliminary approval was received in 1979. A long time has passed, and numerous events could have taken place that would render the prior approval inoperative. Article 66B, § 5.05, ANN CODE MD (1978 Repl.Volume), makes the selling of a lot in an unimproved subdivision illegal and imposes a civil penalty. Furthermore, the county may enjoin the sale. It would be improvident for this court to approve an illegal transaction.

The proposed sale is a chunk off of the perimeter of a 230 acre parcel. The sale appears to be one out of necessity and not one made in a calculated effort to develop the property in an orderly fashion. The debtors, in seizing upon the 1981 contract, appear to be using the sale to satisfy the pressures of the moment. The court finds that it is more reasonable for the debtors to present a Chapter 11 plan setting forth their entire program rather than developing this parcel piecemeal. Chapter 11 contemplates a plan promptly filed and action by the bankruptcy court upon that plan. Chapter 11 is not designed for the purpose of ongoing operations not leading to an overall plan.

The defendant, Wadash Partnership, has argued at length over the fact that this property, in a prior incarnation, was before the court in a proceeding characterized by Judge Whelan of this court as a sham. By an unrecorded deed, the Murphys transferred to Mineral Hill Corporation the subject property. While Judge Whelan passed a temporary restraining order in that case directing that the deed to Mineral Hill Corporation be recorded, the case was dismissed before any such recordation took place. At the present time, the court is informed that record title is in the Murphys. The status of the deed to Mineral Hill Corporation is not clear, and debtors will have to eliminate that problem in any event.

An order will be entered in accordance with this opinion dismissing plaintiffs' complaint.